EVAN C. BORGES, State Bar No. 128706
 EBorges@GGTrialLaw.com
SARAH KELLY-KILGORE, State Bar No. 284571
 SKellyKilgore@GGTrialLaw.com
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 334-7000
Facsimile: (213) 334-7001

*Attorneys for The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE:<br><br>**PRICEWATERHOUSECOOPERS LLP,**<br><br>    Appellant,<br><br>    v.<br><br>**PG&E FIRE VICTIM TRUST,**<br><br>    Appellee. | District Court Case No.<br>21-cv-07118-HSG |
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PRICEWATERHOUSECOOPERS LLP FOR LEAVE TO APPEAL** |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 5

II. BACKGROUND ............................................................................................................. 7

III. THE AUGUST 24 ORDER IS NOT A FINAL ORDER; AND IT IS NOT APPROPRIATE FOR INTERLOCUTORY APPEAL ...................................................... 10

    A.  Legal Standard .................................................................................................. 10

    B.  PwC Cannot Appeal the August 24 Order as of Right Because It Is Not a Final Order ........................................................................................................ 11

    C.  PwC Cannot Demonstrate Exceptional Circumstances to Justify Granting an Interlocutory Appeal ......................................................................................... 12

    D.  The Court Should Exercise Its Discretion to Deny Leave to Appeal ................ 14

IV. CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*,
   614 B.R. 344 (N.D. Cal. 2020) .................................................................................... 10, 11

*Aetna Cas. & Sur. Co. v. Glinka*,
   154 B.R. 862 (D. Vt. 1993) .......................................................................................... 11, 15

*In re Belli*,
   268 B.R. 851 (9th Cir. BAP 2001) ..................................................................................... 10

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) .............................................................................................. 13

*In re Couch*,
   80 B.R. 512 (S.D. Cal. 1987) ............................................................................................. 14

*In re Ionosphere Clubs, Inc.*,
   156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ..................................... 13

*In re Liu*,
   611 B.R. 864 (9th Cir. BAP 2020) ............................................................................... 10, 11

*McCoy v. Ace Motor Acceptance Corp.*,
   Case No. 18-cv-00668-KDB, 2019 WL 7000088 (W.D.N.C. Dec. 20, 2019) ..................... 11

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ........................................................................................................... 14

*Morrow v. City of Tenaha Deputy City*,
   Case No. 2-08-cv-288-TJW, 2010 WL 2721400 (E.D. Tex. July 8, 2010) ......................... 13

*Perry v. Schwarzenegger*,
   591 F.3d 1147 (9th Cir. 2010) ............................................................................................ 14

*In re PG&E Corp.*,
   Case No. 19-bk-30088 .......................................................................................................... 5

*PG&E Corp. v. Abrams*,
   Case No. 20-cv-01612-HSG, 2020 WL 6684862 (N.D. Cal. Nov. 12, 2020) ............ 10, 12, 13

*Piper Jaffray & Co. v. Marketing Grp., USA, Inc.*,
   Case No. 06-cv-2478-H (POR), 2007 WL 2316996 (S.D. Cal. Aug. 9, 2007) ..................... 14

*Pizano v. Big Top & Party Rentals, LLC*,
  Case No. 15-cv-11190, 2017 WL 1344526 (N.D. Ill. Apr. 12, 2017) ................................... 13

*In re Stasz*,
  387 B.R. 271 (9th Cir. BAP 2008) ................................................................................... 11

*United States v. Krane*,
  625 F.3d 568 (9th Cir. 2010) ........................................................................................... 14

**Statutes**

28 U.S.C. § 158 ................................................................................................................... 10

28 U.S.C. § 1292(b) ..................................................................................................... 10, 14

**Other Authorities**

Cal. Pub. Util. Comm'n website, *available at* https://www.cpuc.ca.gov/industries-
  and-topics/electrical-energy/electric-rates/general-rate-case ..................................... 8

Federal Rule of Bankruptcy Procedure 2004 ....................................................... *passim*

Federal Rule of Civil Procedure 26 ............................................................................ 6, 13

## I. INTRODUCTION

On September 7, 2021, PricewaterhouseCoopers LLP ("**PwC**") filed a motion for leave to appeal [Dkt. No. 11200] (the "**Appeal Motion**").[1]  PwC seeks to appeal a discovery order entered against it by Judge Dennis Montali on August 24, 2021 [Dkt. No. 11145] (the "**August 24 Order**").  Pursuant to a pending Bankruptcy Rule 2004 subpoena, the August 24 Order compelled PwC to produce documents related to its General Rate Case ("**GRC**") engagements with Pacific Gas & Electric Company ("**PG&E**").  Under unanimous case authority, such a discovery order by a bankruptcy court is not a final order.  Moreover, PwC fails to come even close to showing that the August 24 Order is appropriate for interlocutory review by way of leave to appeal.  Regrettably, the Appeal Motion is a delay tactic at the expense of the Fire Victim Trust (the "**Trust**") and its beneficiaries, the Fire Victims.  Accordingly, the Trustee of the Trust ("**Trustee**") requests that the Court deny the Appeal Motion.

Both in the Appeal Motion and in its Statement of Issues [Dkt. No. 11202], PwC has mischaracterized what was actually decided by the August 24 Order.  In truth, the August 24 Order is nothing more than an ordinary bankruptcy discovery order that addressed no controversial issue of law.  PwC simply disagrees with the disposition of the order.

PwC can appeal the August 24 Order only if it is a final order, or if PwC shows that exceptional circumstances make it appropriate for this Court to grant leave to appeal for interlocutory review.  To justify its request for immediate appeal of an interlocutory order, PwC must carry its burden to show: (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the underlying litigation.  The August 24 Order is not a final order, and PwC has not satisfied any of the criteria for interlocutory appeal.

*First*, the August 24 Order is not a final order, as it did not fully and finally determine the issues it addressed, nor did it resolve or seriously affect substantive rights.  Courts are in universal agreement that bankruptcy court discovery orders compelling discovery are not final orders.

---

[1] All docket number references are to *In re PG&E Corp.*, Case No. 19-bk-30088.

***Second,*** PwC has not articulated a controlling question of law.  PwC's attempt to portray the August 24 Order as broadening the scope of permissible discovery under Bankruptcy Rule 2004 is a misguided attempt to create a legal question.  PwC's own Statement of Issues reveals the fact-specific nature of the issue decided by the August 24 Order.

***Third,*** PwC cites no authority showing that there is a substantial ground for a difference of opinion regarding either the issue articulated by PwC, much less the issue actually decided by the August 24 Order.  Indeed, courts are in agreement that a party's contention – as PwC asserted before the bankruptcy court – that it will not ultimately be found liable is not a basis to deny discovery under Federal Rule 26.  The scope of discovery under Bankruptcy Rule 2004 is even broader than under the Federal Rules.  Therefore, PwC cannot demonstrate that there is a substantial ground for a difference of opinion on this issue.

***Fourth,*** PwC has not shown that an interlocutory appeal could materially advance the ultimate termination of the parties' litigation.  Because the August 24 Order did not, in fact, decide the issue articulated by PwC, resolution of PwC's appeal would not materially advance the ultimate termination of this matter.  Moreover, additional work needs to be done in the underlying Rule 2004 discovery proceeding, regardless of how this Court might dispose of PwC's appeal.  If anything, granting PwC leave to appeal will only prolong the parties' litigation, and allow further delay and stonewalling by PwC in response to the Rule 2004 subpoena, which has been pending for over a year.  Such further delay will harm and prejudice the Trust, and, in particular, the Fire Victims that are the beneficiaries of the Trust.

In sum, PwC has not shown that exceptional circumstances warrant granting leave to appeal for interlocutory review.  Indeed, granting PwC leave to appeal itself would be exceptional.  As the August 24 Order noted, if PwC produces the responsive documents and they show no liability, the Trustee can conclude his investigation more rapidly and efficiently.  Rather than take this path, PwC has refused to cooperate in any way, which has required several discovery conferences before the bankruptcy court, and has resulted in two orders against PwC compelling production, as well as a separate Rule 2004 subpoena directed at a PwC employee who performed wildfire safety services in the year leading up to the Camp Fire.  The only consistency in PwC's

responses has been to delay and block the Trustee's investigation as much as possible. The escalating cost of seeking the documents necessary to complete the Trustee's investigation, including documents the bankruptcy court has already ordered PwC to produce, comes from funds that otherwise would be paid to Fire Victims.

The Camp Fire alone was the most catastrophic in the history of the State of California, causing tens of billions of dollars in property damage and significant loss of life. One of the ways PG&E's Plan seeks to compensate Fire Victims is by having the Trustee prosecute third-party consultant actions. To do so, the Trustee must investigate potential liability of third-party consultants such as PwC. PG&E documents show that in the years leading up to the 2015 Butte Fire, the 2017 North Bay Fires, the 2018 Camp Fire and through 2020, PG&E paid PwC approximately **$200 million** for consulting services. The requested GRC discovery, which was compelled by the August 24 Order, is relevant to the Trustee's investigation, as the Trustee pointed out in his August 19, 2021 letter brief [Dkt. No. 11109] (the "**Letter Brief**"). It is time for PwC to comply without further delay. The motion for leave to appeal should be denied.

## II.  BACKGROUND

PwC does not contest the Trustee's authority to conduct Rule 2004 discovery, yet the long history of this proceeding reveals the lengths to which PwC has gone to block the Trustee from fulfilling his mandate to investigate claims assigned to the Trust for the benefit of the Fire Victims, including claims against consultants such as PwC.

PwC performed consulting services for PG&E starting years before the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire (the "**Fires**"). Several of those engagements related to the GRC, a proceeding before the California Public Utilities Commission where PG&E files an application for approval of rates (usually increased rates) charged to utility customers, based on its budgeting for expenses and capital expenditures for the three-year period at issue. As noted in the Letter Brief, the proposed budgets in the GRC include budgets for *asset maintenance as well as plans for wildfire prevention and mitigation* – all of which is relevant to the Trustee's

1  investigation.² *See* Dkt. No. 11109 at 2-4.

2  Pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (the "**Plan**"), PG&E assigned to the Trust claims against third parties relating to the causes of the Fires, and charged the Trustee with prosecuting or settling all such claims on behalf of the Trust.  Plan [Dkt. No. 8048] §§ 1.6(d), 1.8, 6.7(a), 6.8(a).  Specifically, PG&E assigned to the Trust any claims of PG&E against, among others, "[p]ersons that provided services, directly or indirectly, to either of the Debtors in connection with budget or capital allocations" and "[p]ersons that provided services, directly or indirectly, to either of the Debtors in connection with compliance with laws, rules, or regulations governing distribution or transmission operations."  Dkt. No. 7711-1 ¶ 1 (o) & (r).

In March 2020, before the Plan was confirmed, the Official Committee of Tort Claimants (the "**TCC**") served the underlying Rule 2004 subpoena on PwC, demanding production of documents.  *See* Dkt. Nos. 6351 and 6473.

The Plan became effective on July 1, 2020 (the "**Effective Date**").  Following the Effective Date, the bankruptcy court ruled that the TCC's authority to enforce the Rule 2004 subpoena transferred to the Trust.  *See* Dkt. No. 8480.

In April 2021, the Trustee sent a letter to PwC, requesting further compliance with the Rule 2004 subpoena.  Counsel for PwC and the Trustee exchanged letters, participated in a telephonic meet-and-confer conference, and exchanged further letters.  PwC subsequently stopped engaging with the Trustee.

In June 2021, the Trustee reached out to the bankruptcy court to schedule a discovery conference, as the Trustee believed that the parties were at an impasse that required the bankruptcy court's intervention.  A discovery conference was first scheduled for late June 2021, and, after several continuances, a first discovery conference was held on July 16, 2021.

On July 13, 2021, the Trustee filed an *ex parte* application for an order approving another Rule 2004 subpoena to PwC, based on evidence that PwC had performed critical wildfire safety

---

² *See* What is a General Rate Case (GRC)?, Cal. Pub. Util. Comm'n website, *available at* https://www.cpuc.ca.gov/industries-and-topics/electrical-energy/electric-rates/general-rate-case.

-8-

services leading up to the Camp Fire.  Dkt. No. 10913.  As explained more fully in that application, the Trustee filed the application due to the fact that, notwithstanding the Trustee having advised PwC of substantial evidence showing that PwC provided critical wildfire safety services leading up to the Camp Fire, counsel for PwC adamantly (but falsely) represented in writing that PwC never performed such services, and on that basis, refused to produce documents related to those services.  *Id*. at 9-11.  After opposition by PwC and argument at the discovery conference on July 16, 2021, that same day, the bankruptcy court entered its order granting the *ex parte* application and authorizing the additional Rule 2004 subpoena.  Dkt. No. 10947.[3]

On August 5, 2021, the parties appeared for a second discovery conference, and the Trustee advised the bankruptcy court that the parties had been unable to resolve their differences on what documents PwC is required to produce.  On August 11, 2021, the bankruptcy court entered an order compelling PwC to produce certain categories of documents requested by the Trustee [Dkt. No. 11055] ("**August 11 Order**").  The August 11 Order also directed the parties to submit letter briefs regarding PwC's engagements for PG&E related to the GRC.  *Id.* ¶ 3.  The Trustee and PwC filed their letter briefs on August 19, 2021.  Dkt. Nos. 11109 and 11133.

On August 24, 2021, the bankruptcy court entered the August 24 Order, which rejected PwC's grounds for objecting to production of documents related to its GRC engagements with PG&E.  Most significantly, the bankruptcy court rejected the core of the argument that PwC repeats in the Appeal Motion; namely, that PwC can refuse to produce the documents based on conclusory assertions that it had no role in contributing to or causing the circumstances that gave rise to the Fires:

> The court disagrees with PwC's counsel's contention that the Trustee should not be allowed to obtain information unless relating in any way to "causation" of the wildfires.  If, at the end of the day, PwC has no culpability or exposure because of the lack of causation, it might have no liability.  But until then, the Court is not persuaded by the "you won't find anything so I don't have to give it to you" position being asserted.

---

[3] To date, counsel for PwC have not cooperated in any way or agreed to comply with this Rule 2004 subpoena, first refusing to accept service, and then taking the position that any deposition of the PwC employee should be deferred until PwC completes its document production, which has not occurred.

August 24 Order [Dkt. No. 11145] at 2.

## III. THE AUGUST 24 ORDER IS NOT A FINAL ORDER; AND IT IS NOT APPROPRIATE FOR INTERLOCUTORY APPEAL

### A. Legal Standard

For this Court to have jurisdiction to hear PwC's appeal, either (1) the August 24 Order must be a final order appealable as of right, 28 U.S.C. § 158(a)(1), or (2) this Court must grant leave to appeal an interlocutory order, *id.* § 158(a)(3). The August 24 Order is not a final order, and PwC has not met its burden to demonstrate that exceptional circumstances warrant granting interlocutory appeal.

The August 24 Order is not a final order. In the Ninth Circuit, "[t]he test for finality in bankruptcy typically asks two questions: (1) whether the bankruptcy court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it 'resolves and seriously affects substantive rights.'" *In re Liu*, 611 B.R. 864, 870 (9th Cir. BAP 2020). Notably, "[i]f 'further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review.'" *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020) (quoting *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987)).

A non-final bankruptcy court order can be reviewed on appeal only if this Court grants leave to appeal under 28 U.S.C. § 158(c)(3). The Ninth Circuit has said that "interlocutory appeals should be allowed 'sparingly and only in exceptional circumstances.'" *PG&E Corp. v. Abrams*, Case No. 20-cv-01612-HSG, 2020 WL 6684862, at *2 (N.D. Cal. Nov. 12, 2020) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Thus, "[l]eave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation." *Id.*; *see also In re Belli*, 268 B.R. 851, 858 (9th Cir. BAP 2001) ("We look for guidance to standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted, even though the procedure is somewhat different."). Even where the factors are met, "[d]enial of leave

to appeal is left to the sound discretion of the Court." *Ad Hoc Committee v. PG&E Corp.*, 614 B.R. at 350 (citing *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003)).

### B. PwC Cannot Appeal the August 24 Order as of Right Because It Is Not a Final Order

Bankruptcy court discovery orders lack finality and are interlocutory for purposes of § 158(a).[4] *See McCoy v. Ace Motor Acceptance Corp.*, Case No. 18-cv-00668-KDB, 2019 WL 7000088, at *2 (W.D.N.C. Dec. 20, 2019) ("Numerous courts have held generally that a bankruptcy court's discovery orders lack finality and are interlocutory for the purposes of § 158(a)."). This is especially true of orders that allow discovery to proceed. *Id.* at *3 ("Moreover, several courts have held that bankruptcy court orders denying motions to quash subpoenas are interlocutory and not subject to immediate appeal."). "It is only when a dispute 'has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming' that an order concerning a Rule 2004 examination is considered final." *Aetna Cas. & Sur. Co. v. Glinka*, 154 B.R. 862, 866 (D. Vt. 1993). The August 24 Order did not fully and finally determine, resolve, or seriously affect substantive rights.

Indeed, further proceedings may affect the scope of the August 24 Order. If PwC fails to comply with the August 24 Order, the bankruptcy court could reevaluate the scope of the order in adjudicating whether to enter a contempt order sanctioning PwC. *Cf. In re Stasz*, 387 B.R. 271, 276 (9th Cir. BAP 2008) (order granting sanctions for civil contempt for failing to comply with a Rule 2004 order "stands alone and requires no further action by the bankruptcy court, the order is a final order" for purposes of 28 U.S.C. § 158). The fact that a contempt order would be final as to this very same issue – the validity of the discovery compelled under the August 24 Order – shows that the August 24 Order is not the last word on any issue it decided.

---

[4] A determination that discovery orders like the August 24 Order are final would have drastic consequences. *See In re Liu*, 611 B.R. at 872 ("Every time an appellate court declares that a certain type of order is flexibly final and hence immediately appealable, it has the potential to erode whatever certainty there is concerning the timely commencement of an appeal. The stakes could not be higher. Failure to timely appeal a final order is a jurisdictional defect, which deprives the appellate court of the power to review the order.").

### C. PwC Cannot Demonstrate Exceptional Circumstances to Justify Granting an Interlocutory Appeal

PwC has not satisfied any of the factors necessary to justify an interlocutory appeal.

The question articulated by PwC in its Statement of Issues is not a controlling question of law, but rather asks whether "the Bankruptcy Court's *finding* that the Trustee of the Fire Victim Trust may obtain information that does not relate in any way to causation of the wildfires[5] [was] an abuse of discretion, given that the claims assigned . . . to the Trustee [sic] were limited to those relating to causation of the wildfires." *See* Dkt. No. 11202 at 1 (emphasis added). The fact-bound nature of the question presented by PwC is also apparent from its Appeal Motion, where PwC asserts: "The parties disagree as to whether the Schedule of Assigned Rights and Causes of Action limits the scope of discovery under the Subpoena to those claims relating to the cause of any of the wildfires. There is limited or no controlling authority addressing this legal question, which *under these facts* appears to be one of first impression before this Court." Dkt. No. 11200 at 11 (emphasis added). Thus, PwC has not presented a question of law whose "resolution on appeal could 'materially affect the outcome of the litigation,'" given that the arguments raised in the Appeal Motion "turn on questions of fact rather than questions of law." *PG&E Corp. v. Abrams*, 2020 WL 6684862 at *2.

More fundamentally, PwC's mischaracterization of the issue decided in the August 24 Order should foreclose interlocutory appeal. In rejecting PwC's argument that it could withhold documents based on its conclusory assertion that they could not support liability, the bankruptcy court did not expand the scope of Rule 2004 discovery available to the Trustee. Rather, the August 24 Order rejects PwC's contention that the discovery sought is not related to investigating the claims assigned to the Trust for the benefit of the Fire Victims. This Court should reject PwC's misleading attempt to reframe the issue decided by the August 24 Order.

Likewise, the fact that PwC disagrees with the bankruptcy court's view of PwC's discovery obligations does not mean that there is a substantial ground for a difference of opinion

---

[5] As discussed elsewhere, the bankruptcy court made no such finding in the August 24 Order.

on a controlling question of law. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" (some internal quotation marks omitted)). In fact, courts are in agreement on the issue decided by the August 24 Order.

PwC's argument on appeal is that the Trustee is not entitled to the requested discovery, based on PwC's conclusory assertion that it cannot be held liable for contributing to or causing the circumstances that gave rise to the Fires, and that, therefore, the documents sought by the Trustee do not relate to the cause of the Fires. *Cf.* Dkt. No. 11200 at 5. This is a logically flawed argument that courts have routinely rejected even under Federal Rule 26. *See, e.g.*, *Pizano v. Big Top & Party Rentals, LLC*, Case No. 15-cv-11190, 2017 WL 1344526, at *3 (N.D. Ill. Apr. 12, 2017) (court cannot resolve disputed factual issue "before discovery has even started"); *Morrow v. City of Tenaha Deputy City*, Case No. 2-08-cv-288-TJW, 2010 WL 2721400, at *2 (E.D. Tex. July 8, 2010) (fact that party may not be liable is not a basis for resisting discovery).

Notably, the scope of examination under Bankruptcy Rule 2004 is **broader** than under Federal Rule 26. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (examination may be "as exploratory and groping as appears proper to the Examiner"), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Therefore, PwC has not shown that any substantial ground for a difference of opinion exists, as is necessary to justify an interlocutory appeal – indeed, PwC has not even cited any authority to support its contention that the August 24 Order granted discovery outside the scope of Rule 2004. Instead, courts have uniformly rejected PwC's argument – an argument that the August 24 Order correctly characterizes as "you won't find anything so I don't have to give it to you." Dkt. No. 11145 at 2.

Finally, PwC has not shown that immediate appeal of the August 24 Order would "serve judicial economy by materially advancing the ultimate termination of the litigation." *PG&E Corp. v. Abrams*, 2020 WL 6684862, at *2. No matter how this Court resolves PwC's appeal, there will be further discovery proceedings before the bankruptcy court.[6] More importantly, PwC's appeal

---

[6] PwC has not challenged the validity of the March 2020 Rule 2004 subpoena, nor has PwC

would not resolve the only disagreement between the parties. *See Piper Jaffray & Co. v. Marketing Grp., USA, Inc.*, Case No. 06-cv-2478-H (POR), 2007 WL 2316996, at *1 (S.D. Cal. Aug. 9, 2007) (factor not satisfied where other issues would remain to be determined).

Far from serving judicial economy, granting PwC leave to appeal only would add further unjustified delay to a process that has already been drawn out by PwC's dilatory conduct.

### D. The Court Should Exercise Its Discretion to Deny Leave to Appeal

Granting the Appeal Motion would depart from the general rule that interlocutory appeal is not available for discovery orders. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010) (discovery orders are "interlocutory and non-appealable" under 28 U.S.C. § 1292(b) (internal quotation marks omitted)). In the rare instances where courts depart from this general rule, it is because there is a substantive right at stake. For example, the only case cited by PwC in support of granting interlocutory appeal of a bankruptcy court discovery order, *In re Couch*, implicated privilege claims that would be lost in the absence of an immediate appeal. *See In re Couch*, 80 B.R. 512, 514-16 (S.D. Cal. 1987).[7] None of the other cases cited by PwC concerns interlocutory appeal of an order compelling production pursuant to a Rule 2004 subpoena. *See* Dkt. No. 11200 at 8.

Orders that grant discovery are particularly inappropriate for interlocutory appeal, unless and until the subpoenaed party resists discovery and is cited for contempt. *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) ("In general, interlocutory appellate review of an order compelling compliance with a subpoena is available only when the subpoenaed party has refused to comply and appeals from the resulting contempt citation."). Thus, the proper avenue for review of an order compelling discovery is a contempt adjudication, which has the added virtue of "afford[ing] the parties a 'second look' before determining whether to pursue or resist the

---

appealed the August 11 Order compelling production of other documents responsive to that subpoena.

[7] It is not clear that the appeal in *In re Couch* would receive interlocutory review today. First, the decision in *In re Couch* did not analyze any of the requirements for granting an interlocutory appeal. Second, *In re Couch* long pre-dates *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), in which the Supreme Court held that disclosure orders adverse to the attorney-client privilege do not qualify for immediate appeal under the collateral order doctrine.

discovery." *Glinka*, 154 B.R. at 868 (quoting *In re Application of the Am. Tobacco Co.*, 866 F.2d 552, 554 (2d Cir. 1989)).

Because the August 24 Order is inappropriate for interlocutory review, the Court should exercise its discretion to deny leave to appeal.

## IV. CONCLUSION

PwC has not come close to showing a proper basis for this Court to hear its meritless appeal. The August 24 Order is a bankruptcy court order compelling discovery; it is not a final order; and it is not an order appropriate for interlocutory appeal.

Regrettably, this appeal is part of PwC's pattern of delay and refusal to comply with a valid Rule 2004 subpoena. Granting PwC leave to appeal will only further hinder the Trustee's ability to carry out his mandate under the Plan, at the expense of the Fire Victims. The Court should deny PwC's Appeal Motion.

DATED: September 21, 2021         GREENBERG GROSS LLP

By: _____
Evan C. Borges
Sarah Kelly-Kilgore

*Attorneys for The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

# PROOF OF SERVICE

**PricewaterhouseCoopers LLP v. PG&E Fire Victim Trust (Appeal)**
Case No. 21-cv-07118-HSG

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On September 21, 2021, I served true copies of the following document(s) described as **OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PRICEWATERHOUSECOOPERS LLP FOR LEAVE TO APPEAL** on the interested parties in this action as follows:

| | |
|---|---|
| KIBLER FOWLER & CAVE LLP<br>Michael D. Kibler<br>mkibler@kfc.law<br>Matthew J. Cave<br>mcave@kfc.law<br>Kevin C. Kroll<br>kkroll@kfc.law<br>11100 Santa Monica Blvd., Suite 360<br>Los Angeles, California 90025<br>Telephone: (310) 409-0400<br>Facsimile: (310) 409-0401 | Attorneys for Appellant<br>PricewaterhouseCoopers LLP |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2021, at Costa Mesa, California.

_____
Cheryl Winsten