**CASE NO. 21-CV-07118-HSG**

KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Kevin C. Kroll (SBN 301532)
kkroll@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for Appellant*
*PricewaterhouseCoopers LLP*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>Debtors.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Appellant,<br><br>v.<br><br>PG&E FIRE VICTIM TRUST,<br><br>Appellee. | CASE NO. 21-CV-07118-HSG<br>Chapter 11<br><br>Bankr. Case No. 19-30088 (DM)<br><br>**APPELLANT PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTION AND MOTION FOR STAY OF ORDER PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 3, 2022<br>Time: 2:00 p.m. |



Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

**TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that PricewaterhouseCoopers LLP ("PwC") hereby respectfully moves the District Court pursuant to Federal Rules of Bankruptcy Procedure Rule 8007 for a stay from the Bankruptcy Court's Order entered August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena in relation to the General Rate Case documents in the above-captioned proceeding pending PwC's appeal of the Order before this Court.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Matthew J. Cave filed concurrently, all other pleadings and papers on file with the Court, and such other evidence and argument as may be presented at or before any hearing or ruling on this motion.

Dated: October 1, 2021

KIBLER FOWLER & CAVE LLP

By: *[/s/ Matthew J. Cave]*

MICHAEL D. KIBLER
MATTHEW J. CAVE
KEVIN C. KROLL
Attorneys for PricewaterhouseCoopers LLP

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1
II. RELEVANT FACTS ... 1
A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan ... 1
B. PG&E Assigns Specific Causes of Action to the Fire Victim Trust ... 3
C. The Rule 2004 Subpoena ... 3
D. The Bankruptcy Court's Order Regarding the General Rate Case ... 5
III. THE BANKRUPTCY COURT'S RULING ON MOTION TO STAY ... 7
IV. ARGUMENT ... 8
A. Legal Standard ... 8
B. A Stay of the Order Is Appropriate ... 9
1. PwC Has a Strong Likelihood of Success on the Merits ... 9
2. PwC Will Suffer Irreparable Injury Absent a Stay ... 10
3. A Stay Will Not Cause Substantial Harm to the Trustee ... 11
4. A Stay Will Do No Harm to the Public Interest ... 11
C. PwC Should Not Be Required to Post a Bond ... 12
V. CONCLUSION ... 13

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*City of Stockton, California*,
542 B.R. 234 (B.A.P. 9th Cir. 2015) ..... 8

*Cont'l Oil Co. v. Frontier Ref. Co.*,
338 F.2d 780 (10th Cir. 1964) ..... 12

*In re Adelphia Commc'ns Corp.*,
361 B.R. 337 (S.D.N.Y. 2007) ..... 13

*In re Blackwell*,
162 B.R. 117 (E.D. Pa. 1993) ..... 8

*In re Byrd*,
172 B.R. 970 (Bankr. W.D. Wash. 1994) ..... 8

*In re Finova Group, Inc.*,
2007 WL 3238764 (D. Del. Oct. 3, 2007) ..... 13

*In re Irwin*,
338 B.R. 839 (E.D. Cal. 2006) ..... 8

*In re United Merchs. & Mfrs., Inc.*,
138 B.R. 426 (D. Del. 1992) ..... 12

*In re Wymer*,
5 B.R. 802 (B.A.P. 9th Cir. 1980) ..... 8

*Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*,
258 F.3d 180 (3d Cir. 2001) ..... 12

*Schwartz v. Covington*,
341 F.2d 537 (9th Cir. 1965) ..... 8

**Rules**

Federal Rules of Bankruptcy Procedure Rule 8007 ..... 1, 7, 12

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure ("FRBP"), PricewaterhouseCoopers LLP ("PwC") respectfully requests that this Court issue a stay as to the Bankruptcy Court's Order dated August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena. The Order should be stayed pending appeal so that PwC can seek appellate review without having to simultaneously search for, review for privilege, and produce documents that may ultimately not need to be produced at all. Staying the Order will not prejudice the Trustee or harm the public, and PwC will suffer irreparable injury if the Order is not stayed.

The Bankruptcy Court appears to have mistakenly interpreted PwC's argument as being one of "you won't find anything so I don't have to give it to you," rather than PwC's actual position: that the bounds of the Trustee's permissible discovery, even in the Rule 2004 context, are circumscribed by the potential claims relating to causation of the wildfires, consistent with the Schedule of Assigned Rights and Causes of Action.

## II. RELEVANT FACTS

### A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan

On January 29, 2019, PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company (the "Utility"; together with

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

PG&E Corp., "PG&E"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California. PG&E's cases have been assigned to United States Bankruptcy Judge Dennis Montali jointly under Case No. 19-30088.

On June 20, 2020, the Bankruptcy Court issued an order confirming the Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated June 19, 2020 (the "Plan"). Declaration of Matthew J. Cave ("Cave Decl."), **Exhibit A** (Dkt. 8048). The order authorized the Plan proponents to establish a trust (the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay claims of fire victims. In addition, Debtors assigned to the Fire Victim Trust very limited rights and specific potential causes of action against third parties. *Id.* Section 1.8 of the Plan provides:

> **Assigned Rights and Causes of Action** means any and all rights, claims, causes of action, and defenses *related thereto relating directly or indirectly to any of the Fires* that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management), former directors and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage, and others as mutually agreed upon by the Plan Proponents and identified in the Schedule of Assigned Rights and Causes of Action.

*Id.*

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

**B. PG&E Assigns Specific Causes of Action to the Fire Victim Trust**

The Schedule of Assigned Rights and Causes of Action lays out in further detail the specific claims the Debtor assigned to the Fire Victim Trust. The Schedule of Assigned Rights and Causes of Action describes the limited claims assigned to the Trustee to include:

> [A]ny and all rights, claims, causes of action, and defenses related thereto that arose *prior to the Petition Date [January 29, 2019] relating to the cause of any of the Fires* that the Debtors may have against . . . consultants *who performed services before the allegedly relevant fire* and where such claims relate to an alleged failure of the . . . consultant to provide the contracted services in the manner required by the applicable contract.

Cave Decl., **Exhibit B** (Dkt. 7711-1) (emphasis added). Section 1.86 of the Plan makes abundantly clear that the *only* claims assigned to the Fire Victim Trust are those that relate to conduct prior to January 29, 2019, were performed before the allegedly relevant "Fire," and that relate to *causation* of the "Fires." "Fires" is defined to mean the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire. Cave Decl., **Exhibit A** (Dkt. 8048).

**C. The Rule 2004 Subpoena**

On March 17, 2020, the Official Committee of Tort Claimants ("TCC") issued a Rule 2004 Subpoena to PwC (the "Subpoena"). On July 22, 2020, the Bankruptcy Court ordered that the Fire Victim Trust, through its Trustee, would assume the TCC's rights and responsibilities with respect to enforcement of the Subpoena. Cave Decl., **Exhibit C** (Dkt. 8480).

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

The Subpoena, on its face, requests documents far beyond those that could relate to wildfire causation and beyond the stated period covered by the Schedule of Assigned Rights and Causes of Action—the only claims and period of time that the Debtor assigned to the Fire Victim Trust—and includes requests for documents that constitute or memorialize "reports, analyses, summaries, or descriptions of [PwC's] work for PG&E" for the time period January 1, 2013 through March 17, 2020. Cave Decl., **Exhibit D** (Dkt. 6351-2). On April 9, 2020, PwC served written objections to the Subpoena, pointing out the extraordinary breadth of the Subpoena as well as issues of undue burden and privilege. Since then, PwC has made a total of eight document productions to the Trustee, containing nearly two thousand pages of contracts, policies, and deliverables.

The parties continued to meet and confer with respect to PwC's responses and objections to the Subpoena, which resulted in a number of discovery conferences before the Bankruptcy Court. On August 11, 2021, the Bankruptcy Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena (the "August 11 Order"). The August 11 Order required PwC to produce certain categories of documents and directed the Trustee and PwC to submit letter briefs setting forth their respective positions as to the Trustee's request for PwC's deliverables "relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations,

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020." Cave Decl., **Exhibit E** (Dkt. 11055).

### D. The Bankruptcy Court's Order Regarding the General Rate Case

The Trustee and PwC submitted letter briefs on August 19, 2021, outlining their respective positions regarding the Trustee's request for PwC deliverables related to the General Rate Case.[1] PwC argued that the Trustee's demand should be denied because the information sought did not relate in any way to causation of the wildfires at issue (and, therefore, would also be confined to the stated period in the Schedule of Assigned Rights and Causes of Action of services performed prior to the alleged Fires), noting that for the past year the Trustee himself has defined the scope of the Rule 2004 Subpoena this way. Cave Decl., **Exhibit F** (Dkt. 11133). The Trustee did not dispute that the scope of its claims was limited to those relating to the cause (and time period set forth in the Schedule of Assigned Rights and Causes of Action) of any of the wildfires, but instead argued that the scope of

[1] Regulated by the California Public Utilities Commission (the "Public Utilities Commission"), a general rate case is a proceeding used by public utilities—for example, electricity and gas companies—to present the costs of operating and maintaining a utility system and to decide, with a regulator's approval, how those costs should be allocated among customer classes. In a nutshell, a general rate case is what PG&E had to submit to its regulator, the Public Utilities Commission, every three or four years to set electricity and gas rates for its customers. A general rate case contains information regarding projects and programs that span nearly the entirety of PG&E's operations and management—anything that would bear on costs regulated by the Public Utilities Commission. To be clear, while PG&E's General Rate Case covers both gas and electric services, the wildfires and the scope of the present claims only deal with electric services.

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

discovery is "not limited to only those documents known to be admissible in some future proceeding." Cave Decl., **Exhibit G** (Dkt. 11109).

On August 24, 2021, after reviewing the parties' submitted letter briefs, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena In Relation to the General Rate Case Documents (the "Order"). Cave Decl., **Exhibit H** (Dkt. 11145).

In the Order, the Bankruptcy Court stated its disagreement with PwC's contention that "the Trustee should not be allowed to obtain information unless relating in any way to 'causation' of the wildfires." *Id.* Although the Bankruptcy Court expressly referenced Section 1.8 of the Plan in the Order, it did not reference the Schedule of Assigned Rights and Causes of Action, which expressly limits the claims assigned by PG&E to the Fire Victim Trust to those "that arose prior the Petition Date *relating to the cause of any of the Fires*" and services "performed . . . before the allegedly relevant fire." *See id.*; Cave Decl., **Exhibit B** (Dkt. 7711-1) (emphasis added).

Again, the Bankruptcy Court appears to have mistakenly interpreted PwC's argument as being one of "you won't find anything so I don't have to give it to you," rather than PwC's actual position: that the bounds of permissible discovery, even in the Rule 2004 context, are circumscribed by the Schedule of Assigned Rights and Causes of Action; therefore, discovery is limited to potential claims

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

relating to causation of the wildfires arising from services performed during a specified time period. *See* Cave Decl., **Exhibit H** (Dkt. 11145).

## III. THE BANKRUPTCY COURT'S RULING ON MOTION TO STAY

Pursuant to FRBP Rule 8007, PwC moved first in the Bankruptcy Court to stay the Order pending PwC's appeal.

On September 22, 2021, the Bankruptcy Court issued an order denying PwC's motion for stay. Cave Decl., **Exhibit I** (Dkt. 11285). The Bankruptcy Court found that PwC failed to make a positive showing as to the four factors of a successful motion for stay pending appeal.

Specifically, the Bankruptcy Court found that PwC had little likelihood of success on the merits because PwC did not show that the underlying Rule 2004 Subpoena was too broad and that PwC did not show that this Court will likely grant leave to hear PwC's interlocutory appeal. The Bankruptcy Court found that PwC will not suffer irreparable injury absent a stay because PwC's weakened litigation position and costs of compliance with the Order do not amount to irreparable injury and future discovery disputes can be evaluated on their own merits. Finally, the Bankruptcy Court found that the Trustee and the public interest would be substantially harmed by a stay because the delay of producing documents will result in costs to the Fire Victim Trust and impede the Trustee's mandated duty to develop facts that may support a claim against PwC for the benefit of the Fire Victim Trust.

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

The Bankruptcy Court also acknowledged PwC's "cooperation and responsiveness to other requests of the Trustee[.]" *Id.*

**IV. ARGUMENT**

**A. Legal Standard**

The standard for granting a stay pending appeal is the same as that for granting a preliminary injunction. *See In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980). The party seeking such relief must show that: (1) it is "likely to succeed on the merits of the appeal;" (2) it will "suffer irreparable injury" absent a stay; (3) a stay will not cause "substantial harm" to other interested parties; and (4) a stay "will do no harm to the public interest." *Id.*; *see also In re Byrd*, 172 B.R. 970, 974 (Bankr. W.D. Wash. 1994) (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965)).

On appeal to the District Court from the Bankruptcy Court, issues of law are reviewed *de novo* while findings of fact are accepted unless clearly erroneous. *In re Irwin*, 338 B.R. 839, 844 (E.D. Cal. 2006) (citing *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993)). Under this standard, a bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard or if its fact findings are illogical, implausible, or not supported by evidence in the record. *In re City of Stockton, California*, 542 B.R. 234, 272 (B.A.P. 9th Cir. 2015).

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

**B. A Stay of the Order Is Appropriate**

1. *PwC Has a Strong Likelihood of Success on the Merits*

As detailed above, PwC has a strong likelihood of success on the merits because the Order directly contradicts the Schedule of Assigned Rights and Causes of Action by expanding the scope of discovery to include discovery of potential claims, and periods of time, that were *not* assigned to the Fire Victim Trust (*i.e.*, claims that do not in any way relate to causation of the wildfires).

The Trustee has not articulated why its request for information that does not, and could not, relate to the assigned claims is appropriate. Rather, the Trustee continues to waive around its Rule 2004 Subpoena as if it were a universal pass for unlimited discovery. However, the Trustee's position is not supported by the Schedule of Assigned Rights and Causes of Action, which makes clear that the Trustee was not assigned every potential claim that PG&E may have against consultants. Nevertheless, and even though PwC explained in detail the nature of its services related to the General Rate Case and how such services could not have contributed to the cause of the Fires, the Order requires production of documents relating to such services covering multiple years, including documents that post-date January 29, 2019 or were related to engagements that were performed after the last Fire. Thus, the Order improperly expands the scope of discovery beyond the assigned claims, which would be limited to those relating to causation of the Fires. *See* Cave Decl., **Exhibit B** (Dkt. 7711-1).

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

2. *PwC Will Suffer Irreparable Injury Absent a Stay*

If a stay is not entered and PwC is forced to proceed with searching for and producing information pursuant to the Order, it is likely that PwC would comply with the Order prior to resolution of PwC's appeal, thus in effect mooting the appeal. Because this issue of scope will certainly come up again in further discovery disputes, having its appeal mooted could irreparably injure PwC and limit its ability to advance its position in future disputes.

Further, PwC will be unable to recover the significant costs and resources expended in searching for, reviewing, and producing documents relating to the General Rate Case in the event that PwC prevails on its requested appeal. Compliance with the Order will require searching for very old electronic records that are not organized by engagement or by topic. Simply put, there is no readily-available "GRC-related documents" folder in PwC's possession.

While Federal Courts have held that a parties' compliance with discovery obligations do not necessarily constitute irreparable injury, here, PwC is a non-party who has been served with a Rule 2004 Subpoena. PwC has not subjected itself to litigation, and by searching for and producing documents that are outside of the scope of the Rule 2004 Subpoena it will be unnecessarily and irreparably harmed.

The Court should stay the Order to avoid such potentially unnecessary burden on PwC.

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

3. *A Stay Will Not Cause Substantial Harm to the Trustee*

The Trustee will not be substantially harmed by a stay of the Order, as the parties are engaged in other discovery activities. In fact, PwC recently produced to the Trustee a list of its contracts related to services provided to PG&E, and the parties are planning to meet and confer on the substance of that list. PwC also recently produced certain deliverables in response to the Rule 2004 Subpoena.

The Trustee has not articulated any immediate need for the information compelled by the Order. While the Trustee may argue that it has already waited several months for PwC to produce General Rate Case documents, such a delay only serves to underscore the fact that a slightly longer wait will not cause substantial harm to the Trustee. This is particularly so if the extra wait allows the parties to reach a determination as to the applicable scope of discovery not just in the context of the Order, but also for the benefit of future discovery requests.

Staying the Order with respect to the General Rate Case documents while the issue of the Trustee's scope of permissible discovery is determined will not delay the parties' discussion of other issues, and the Trustee has not articulated any basis of substantial harm if the Order is stayed.

4. *A Stay Will Do No Harm to the Public Interest*

The public interest will not be implicated if the Order is stayed pending resolution of PwC's submitted appeal. If anything, the public will be better served by staying the Order as it will reduce the amount of judicial resources expended in

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

dealing with any potential disputes pertaining to PwC's compliance with the Order, and staying the Order will allow the parties to more efficiently brief and resolve PwC's requested appeal.

The present appeal, like any litigation activity, will result in costs to the Trustee (and, by extension, costs to the Fire Victim Trust). However, if the Order is not stayed, the Trustee will be spending a large amount of time and money reviewing and analyzing documents that are outside of the Schedule of Assigned Rights and Causes of Action and have no likelihood of leading to any recovery for the Fire Victim Trust.

**C. PwC Should Not Be Required to Post a Bond**

PwC should not be required to post a bond as a condition of granting its requested stay pending appellate review.

FRBP Rule 8007 allows the Court to condition a stay pending appeal on the filing of a bond. The purpose of imposing a bond is "to protect the adverse party from potential losses resulting from the stay." *See In re United Merchs. & Mfrs., Inc.*, 138 B.R. 426, 430 (D. Del. 1992). The Court has "wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond in necessary." *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964); *see also Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 191 (3d Cir. 2001). Generally, a bond is only necessary where the stay is "likely to cause harm by diminishing the value of an estate or

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

'endangering [the non-moving parties'] interest in the ultimate recovery.'" *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 368 (S.D.N.Y. 2007).

No bond is necessary here because neither the Fire Victim Trust nor the public will suffer any potential loss or substantial harm as a result of the stay. *See In re Finova Group, Inc.*, 2007 WL 3238764, at *2 (D. Del. Oct. 3, 2007) (refusing to require bond where "no substantial harm will come to the Debtors as a result of this stay"). A stay seeks to maintain the status quo and preserve funds or the rights of the parties until after an appeal is decided. Here, a stay of the Order until after the appeal is decided will have no effect on any funds or rights of the parties in the interim; therefore, the parties will not suffer any harm by virtue of a stay. Accordingly, a bond is unnecessary.

## V. CONCLUSION

For all of the reasons set forth above, PwC respectfully requests that this Court grant its motion for a stay of the Order pending resolution of PwC's requested appeal before this Court.

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Dated: October 1, 2021

KIBLER FOWLER & CAVE LLP

By: /s/ Matthew J. Cave

MICHAEL D. KIBLER
MATTHEW J. CAVE
KEVIN C. KROLL
Attorneys for PricewaterhouseCoopers LLP

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Bankruptcy Rule 8015(a)(7)(B)(i) because, excluding the parts of the document exempted by Bankruptcy Rule 8015(g), this document contains 3,221 words.

2. This document complies with the typeface requirements of Bankruptcy Rule 8015(a)(5)(A) and the type-styles requirements of Bankruptcy Rule 8015(a)(6) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

Dated: October 1, 2021

KIBLER FOWLER & CAVE LLP

By: /s/ Matthew J. Cave
MICHAEL D. KIBLER
MATTHEW J. CAVE
KEVIN C. KROLL
Attorneys for PricewaterhouseCoopers LLP

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025